IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

CASE NO. 5:17CV179- DPM-JJV

FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 07 2017
JAMES W. McCORMACK CLERK
By: _____ DEP CLERK

This case assigned to District Judge **Marshall**
and to Magistrate Judge **Volpe**

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

I..A Name of plaintiff: **Sanders M. Carter**
ADC# **088350**
Address: **2501 State Farm Road - Tucker, AR 72168**

Name of plaintiff: _____
ADC# _____

Address: _____

Name of plaintiff: _____
ADC# _____

Address: _____

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

.B Name of defendant: **Wendy Kelley**
Position: **Director - Arkansas Department of Correction**
Place of employment: **Arkansas Department of Correction**
Address: **P.O. Box 8707 - Pine Bluff, Arkansas 71611**

Name of defendant: **Gary Griffin**
Position: **Deputy Director - Arkansas Department of Correction**
Place of employment: **Arkansas Department of Correction**
Address: **P.O. Box 8707 - Pine Bluff, Arkansas 71611**

Name of defendant: **Doctor William Rollefson**
Position: **Medical Cardiologist**

Place of employment: __Arkansas Heart Clinic__
Address: __#7 Shackleford West Blvd. - Little Rock, AR 72211__
Name of defendant: __Doctor Charles J. Walkins__
Position: __Medical Cardiovascular Surgeon__
Place of employment: __Blandford Physicians Center__
Address: __5 St. Vincent Circle, Suite 501, Little Rock, Arkansas 72205__

II. Are you suing the defendant in:

- Official capacity only
- Personal capacity only
- ⊙ (Both official and personal capacity)

III. Previous Lawsuits

I..B Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No __X__

I..C If you answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

Yes _____ No __X__

- Parties to the previous lawsuit:

Plaintiffs __N/A__

Defendants: __N/A__

- Court (if federal court, name the district; if state court, name the county): __N/A__

- Docket Number: __N/A__

- Name of Judge to whom case was assigned: _N/A_

- Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _N/A_

- Approximate date of filing lawsuit: _N/A_

- Approximate date of disposition: _N/A_

F. Place of Present confinement: _____

G. At the time of the alleged incident(s), were you:
(Check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

__X__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did you file a grievance or grievances presenting the facts set forth in this complaint?
Yes __X__ No _____

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?
Yes __X__ No _____

If not, why? _N/A_

VII. Statement of claim
State here (as briefly as possible) the facts of you case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any

legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff Claims Relating To Defendant Wendy Kelley.

Plaintiff, an inmate, incarcerated in the Arkansas Department of Correction, under the custodial and supervisory authority of defendant Wendy Kelley, who used her authoritative power as the Director of the Arkansas Department of Correction to violate plaintiff's United States Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment by being deliberately indifferent to plaintiff's serious medical need, which resulted in the plaintiff being deprived of adequate medical treatment that caused plaintiff unnecessary pain and suffering. Whereas, the plaintiff submits, he is bound by Arkansas state law to rely solely on defendant Kelley's custodial and supervisory powers to ensure that plaintiff's serious medical needs are met. However, in the year of 2013, plaintiff was diagnosed as having a stenotic aorta heart valve that needed to be removed and replaced with a prosthetic valve. But due to defendant Kelley's deliberate indifferent to plaintiff's serious medical need as stated above, defendant Kelley delegated the function of ensuring that plaintiff was provided with medical treatment that is according to current community and professional standards and practices of

— (Section VII. Continue on attached sheet.)

VIII.    Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A.

(<u>Section VII. Continue</u> : <u>Statement of claim relating to defendant Wendy Kelley</u>.)

health care to others who did not provide plaintiff with the adequate and needed medical care and treatment, which required replacing plaintiff's stenotic aorta heart valve with a properly functioning prosthetic aorta valve, but instead resulted in the removal of plaintiff's stenotic aorta valve and replacing it with a prosthetic aorta valve that is too small for plaintiff's heart and medical needs. As replacing plaintiff's stenotic aorta valve with a prosthetic aorta valve that is to small for plaintiff's heart and medical needs resulted in continued severe chest pains, chronic severe fatique, dizziness, a well pronounced heart murmurs, and of a repeated open heart surgical operation to correct the problems associated with the too small prosthetic aorta heart valve. All of which was due inpart to Kelley's lack of adequate organization and control in the administration of health services, which required Kelley, under Arkansas Administrative Code 004.00.2-833, at a minimum to meet plaintiff's reasonable and necessary health care needs according to current community and professional standards and practices of health care, which defendant Wendy Kelley did not do or provide in plaintiff's case.

(<u>Section VII. Continue on attached sheet.</u>)

B.

(<u>Section VII. Statement of Claim Continue. Plaintiff's Claims Relating to Defendant Gary Griffin.</u>)

The plaintiff, incarcerated in the Arkansas Department of Correction (ADC) is bounded by State law to rely solely on the (ADC) to provide for plaintiff's medical needs. In the year of 2013, the plaintiff was diagnosed as having a stenotic aorta heart valve that needed to be removed and replaced with a properly functioning prosthetic aorta valve. Due to the nature and seriousness of said medical need, plaintiff's medical need came under the oversight of the (ADC) Deputy Director for Health and Correctional Programs, Mr. Gary Griffin. Plaintiff's serious medical need also required the services of a specialist in the field of cardiology. However, defendant Gary Griffin, acting with deliberate indifference to plaintiff's serious medical need, violated plaintiff's United States Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment, by failing to provide plaintiff with adequate medical treatment according to the current community and professional standards and practices of health care, in regards to the replacement of plaintiff's stenotic aorta heart valve. Whereas, plaintiff in October 2013, under went an open heart surgical operation that removed plaintiff's stenotic aorta heart valve and replaced it with a prosthetic aorta heart valve that was too small for plaintiff's heart

(<u>Section VII. Continue on attached sheet.</u>)

C.

(<u>Section VII. Statement of Claim Continue, Plaintiff's Claims Relating to Defendant Gary Griffin.</u>)

and medical needs. Plaintiff submits that adequate medical treatment according to current community and professional standards and practices of health care required that plaintiff's stenotic aorta heart valve be replaced with a prosthetic aorta valve that is the right size for plaintiff's heart and medical needs, which defendant Gary Griffin did not do in plaintiff's case. As a result of defendant Gary Griffin's failure to provide plaintiff with adequate medical treatment according to the current community and professional standards and practices of health care, plaintiff suffers from severe chest pains, chronic severe fatique, dizziness, swelling in legs and feet, a well pronounced heart murmur.

(<u>Plaintiff's Claims Relating to Defendant William Rollefson.</u>)

Plaintiff, an inmate incarcerated in the Arkansas Department of Correction is prohibited by state law from employing or electing to see a physician of plaintiff's own choosing, was taken to the Arkansas Heart Clinic in Little Rock, Arkansas where plaintiff was seen medically by Doctor William Rollefson, a cardiologist at the clinic. Doctor Rollefson diagnosed plaintiff as having a stenotic aorta

(<u>Section VII. Continue on attached Sheet.</u>)

D.

(<u>Section VII. Statement of Claim Continue, Plaintiff's Claims Relating to Defendant William Rollefson.</u>)

heart valve that needed to be removed and replaced with a prosthetic aorta heart valve. In October of 2013, the plaintiff was taken to the Arkansas Heart Hospital in Little Rock, Arkansas, where plaintiff under went open heart surgery to remove plaintiff's stenotic aorta heart valve and to replace it with a prosthetic heart valve. However, the actual surgical operation was not performed by Dr. Rollefson but instead it was performed by Doctor Charles J. Walkins, while Dr. Rollefson provided Dr. Walkins with the prosthetic valve that was placed in the plaintiff's heart. After plaintiff's heart operation, plaintiff's heart problems continued and seem to get worse. On the date of March 17, 2017, during plaintiff's heart clinic visit, plaintiff was told by Dr. Rollefson that he (Rollefson) believed that he had had a prosthetic aorta valve that was too small put in my heart. Plaintiff submits that Defendant William Rollefson, acted with deliberate indifference to the plaintiff's serious medical need violated plaintiff's United States Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment by having a prosthetic aorta heart valve that was too small placed

(<u>Section VII. Continue on attached Sheet.</u>)

E.

(<u>Section VII. Statement of Claim Continue. Plaintiff's Claims Relating to Defendant William Rollefson.</u>)

in plaintiff heart, causing plaintiff to suffer severe chest pains, chronic constant fatigue, dizziness, swelling in my legs and feet, a well pronounced heart murmur, and of an imminent repeated open heart surgical operation to now replace the prosthetic aorta heart valve that is too small with one that is the right size, which subjects plaintiff to the danger of death when plaintiff's natural body barriers are breached in such away as a heart operation. Furthermore, Dr. Rollefson, a practiced cardiologist is well aware of current community and professional standards and practices of health care, knew that one of the main factors to be considered when replacing the plaintiff's aorta heart valve with a prosthetic valve would be to make sure that the prosthetic valve was the right size, which defendant William Rollefson did not do in the plaintiff's case.

(<u>Plaintiff's Claims Relating to Defendant Charles J. Walkins.</u>)

Plaintiff, an inmate incarcerated in the Arkansas Department

(<u>Section VII. Continue on attached Sheet.</u>)

F.

<u>(Section VII. Statement of Claim Continue, Plaintiff's Claims Relating to Defendant Charles J. Walkins.)</u>

of Correction is prohibited by state law from employing or electing to see a physician of plaintiff's own choosing, was taken in October 2013, to the Arkansas Heart Hospital where defendant Charles J. Walkins, a cardiovascular surgeon performed open heart surgery on the plaintiff to remove plaintiff's diagnosed stenotic aorta heart valve and to replace it with a properly functing prosthetic aorta heart valve. However, plaintiff submits that defendant Charles J. Walkins, acted with deliberate indifference to plaintiff's serious medical need violated plaintiff's United States Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment, by placing a prosthetic aorta heart valve in plaintiff's heart that was too small for plaintiff's heart and medical needs, which is causing plaintiff to suffer from severe chest pains, chronic constant fatique, dizziness, swelling in legs and feet, a well pronounced heart murmur, and of an imminent repeated open heart surgical operation to now replace the prosthetic aorta heart valve that is too small with one that is the right size, which subjects plaintiff to the danger of death when plaintiff's natural

<u>(Section VII. Continue on attached sheet.)</u>

G.

## (Section VII. Statement of Claim Continue, Plaintiff's Claims Relating to Defendant Charles J. Walkins.)

body barriers are breached in such away as a heart operation. Furthermore, Dr. Walkins, is a skilled and practiced cardiovascular surgeon who is well aware of current community and professional standards and practices of health care, and knew that one of the main factors that was to be considered when replacing the plaintiff's aorta heart valve with a prosthetic valve would be to make sure that the prosthetic valve was the right size, which defendant Charles J. Walkins did not do in plaintiff's case.

H.

(<u>Section VIII. Relief Sought</u>:)

Grant plaintiff a jury trial to determine if the defendants in plaintiff's complaint violated plaintiff's United States Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment, and if said jury so finds that any or all of the named defendants had violated plaintiff's United States Constitutional Rights under the Eighth Amendment, to then instruct said jury to award plaintiff the nominal monetary sum of $250.000.00 thousand dollars from each defendant. And to further instruct said jury to award the plaintiff the compensatory monetary sum of $250.000.00 thousand dollars from each defendant, for the plaintiff's injuries.

I declare under penalty of perjury (18 U.S.C. § 1621) that the forgoing declarations and statements of claims are true and correct to the best of my knowledge and belief.

Executed on this 5<u>th</u> day of July, 2017

*Sanders M. Carter*
Sanders M. Carter
ADC No. 088350
2501 State Farm Road
Tucke, AR  72168

# UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center: Tucker Maximum Security
Name: Carter, Sanders
ADC#: 088350  Brks #: 08-16  Job Assignment: Step Down Level IV

Received May Unit MAR 31 2017 Grievance Office

FOR OFFICE USE ONLY
GRV. #: TMX-17-0657
Date Received: 3/31/17
GRV. Code #: 600

03-23-17 (Date) STEP ONE: Informal Resolution

03-30-17 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: I should have been given the proper medical treatment from the start.

03-23-17, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: I am at a great risk of having a heart attack at this very moment.

Is this Grievance concerning Medical or Mental Health Services? Yes If yes, circle one: (medical) or mental

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): I am being denied adequate medical treatment of a severe heart defect. This being that in October 2013 I had open heart surgery to remove and replace my faulty Aorta heart valve. Since my heart valve replacement surgery I have been experiencing severe swelling in my legs and feet, dizziness, headaches, constant feeling of fatigue, chest pains, and a well pronounced heart murmur. I was informed at a heart clinic, on March 17, 2017, that the replacement heart valve may have been too small for my heart. I am now left suffering with my heart illness awaiting to die because I can not get adequate medical treatment.

Received MAY 03 2017 Deputy Director Health & Correctional Programs

Sanders Carter 088350                03-23-17
Inmate Signature                     Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on 3-23-17 (date), and determined to be Step One and/or an Emergency Grievance NO (Yes or No). This form was forwarded to medical or mental health? NO (Yes or No). If yes, name of the person in that department receiving this form: _____ Date 3-23-17 @ 935

Sgt. Beal       06067                              3-23-17
PRINT STAFF NAME (PROBLEM SOLVER)  ID Number  Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: A consult has been placed for you to go back out to the Cardiology Clinic for further evaluation

[signature] 27 MAR 2017              S. Carter      3-30-17
Staff Signature & Date Returned       Inmate Signature & Date Received

This form was received on 3-23-17 (date), pursuant to Step Two. Is it an Emergency? NO (Yes or No).
Staff Who Received Step Two Grievance: _____  Date: 3-23-17
Action Taken: (Mrs. White  Forwarded to Grievance Officer/Warden/Other) Date: 3-23-17
If forwarded, provide name of person receiving this form: Warden   Date: 3-30-17

---
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT420                                                                                                            Attachment IV
3GH

INMATE NAME: Carter, Sanders M.      ADC #: 088350C      GRIEVANCE #: MX-17-00657

## HEALTH SERVICES RESPONSE TO UNIT LEVEL GRIEVANCE

601** you are grieving that "I am being denied adequate medical treatment of a severe of a severe heart defect. This being that in October 2013 I had open heart surgery to remove and replace my faulty aorta heart valve. Since my heart valve replacement surgery I have been experiencing severe swelling in my legs and feet, dizziness, headaches, constant feeling of fatigue, chest pains, and a well pronounced heart murmur. I was informed at a heart clinic, on March 17, 2017, that the replacement heart valve may have been too small for my heart. I am now left suffering with my heart illness awaiting to die because I can not get adequate medical treatment."

I have reviewed your medical records, You continue to be followed by cardiology, you have had Heart Cath as indicated by the cardiologist, If you feel you are having a emergency please notify security and they will notify the infirmary.

I find your grivance without merit

Received

MAY 0 3 2017

Deputy Director
Health & Correctional Programs

_____             William P Benton            04/27/2017
Signature of Health Services                                             Title                          Date
Administrator/Mental Health Supervisor or
Designee

---

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the Deputy Director for Health & Correctional Programs along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues which were not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE RESPONSE GIVEN ABOVE? *I have repeatedly taken my medical symptoms associated with my heart condition, which I have stated in this grievance, to the medical staff here at Tucker Max. on several occasions, and I was made to feel as if I was malingering my illness, and I am given very little to no medical treatment.*

_Sanders M. Carter_     _088350_     _04-28-17_
**Inmate Signature**     **ADC#**     **Date**

Received

MAY 0 3 2017

Deputy Director
Health & Correctional Programs

IGTT430  
3GD

Attachment VI

INMATE NAME: Carter, Sanders M.    ADC #: 088350    GRIEVANCE#:MX-17-00657

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On March 23, 2017, you grieved you are being denied adequate medical treatment concerning your heart condition. You stated you have been to the infirmary several times with complaints of dizziness, headaches, severe swelling in your legs and feet, constant fatigue, chest pains, and a well pronounced heart murmur. You stated you were told at a heart clinic on March 17, 2017 that the replacement valve you received in October 2013 may have been too small and now you cannot get adequate treatment for this issue.

The medical department responded, "I have reviewed your medical records, You continue to be followed by cardiology, you have had Heart Cath as indicated by the cardiologist, If you feel you are having a emergency please notify security and they will notify the infirmary. I find your grivance without merit."

Your appeal states you have repeatedly taken the symptoms associated with your heart condition to medical staff, but were given little to no treatment. You state you are made to feel like you are malingering.

On March 17, 2018 you were seen by Dr. Rollefson and he recommended a right and left heart cath. Dr. Daniel reviewed the recommendations of Dr. Rollefson on March 27, 2017, and submitted a consult request for the right and left heart cath. On April 20, 2017, the heart cath was completed and you have a pending appointment with the cardiologist for a follow-up.

Your medical issues have been addressed, and the providers continue to address your issues; therefore, this appeal is without merit.

_____    _____6/15/17_____  
Director                      Date